DMP:CRH/JAM/JGH
F. #2020R00515

Filed: August 26, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

DZENAN CAMOVIC,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Judge Rachel P. Kovner
Mag. Judge Steven M. Gold

Cr. No. 1:20-cr-00326
(T. 18, U.S.C., §§ 922(g)(5)(A),
924(a)(2), 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(d)(1), 924(l), 981(a)(1)(C),
1951(a) and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment:

1.    The defendant DZENAN CAMOVIC was a Bosnian national born in Germany, and a resident of Brooklyn, New York. He had no legal immigration status in the United States, and knew that he was an alien unlawfully in the United States.

2.    On or about June 3, 2020, CAMOVIC approached two uniformed New York City Police Department ("NYPD") officers in the vicinity of 885 Flatbush Avenue in Brooklyn, New York. Upon reaching the NYPD officers, CAMOVIC stabbed one of officers in the neck area with a knife. CAMOVIC then chased after the second officer, repeatedly and violently stabbing at the officer with the knife and eventually throwing the knife at the officer.

3. CAMOVIC then ran back toward the first officer, whom he had already stabbed, and again attacked the officer. A struggle ensued. CAMOVIC fought for and ultimately forcibly gained control of the officer's service weapon, thereby robbing the officer of his service weapon through the use of force. The officer's service weapon was a SIG Sauer P226 black semiautomatic 9mm handgun manufactured outside the State of New York.

4. After gaining control of the officer's service weapon, CAMOVIC brandished the weapon and fired multiple shots at several officers, including at one or more officers who responded to the scene. Several officers were wounded during the course of CAMOVIC's attack.

5. The NYPD had a presence, and employed police officers and other employees that operated in their official capacities, in multiple locations outside of New York State and outside of the United States.

## COUNT ONE
(Hobbs Act Robbery)

6. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7. On or about June 3, 2020, within the Eastern District of New York, the defendant DZENAN CAMOVIC did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by the robbery of a firearm from a member of the New York City Police Department in the vicinity of 885 Flatbush Avenue in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TWO
(Possessing, Brandishing and Discharging a Firearm in Furtherance of a Crime of Violence)

8. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

9. On or about June 3, 2020, within the Eastern District of New York, the defendant DZENAN CAMOVIC did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count One, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii) and 3551 et seq.)

## COUNT THREE
(Theft of a Firearm That Has Moved in Interstate Commerce)

10. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

11. On or about June 3, 2020, within the Eastern District of New York, the defendant DZENAN CAMOVIC did knowingly and intentionally steal a firearm which had moved in interstate and foreign commerce, to wit: a SIG Sauer P226 black semiautomatic 9mm handgun, and ammunition.

(Title 18, United States Code, Sections 924(l) and 3551 et seq.)

## COUNT FOUR
(Unlawful Possession of a Firearm and Ammunition)

12. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

4

13. On or about June 3, 2020, within the Eastern District of New York, the defendant DZENAN CAMOVIC, knowing that he was an alien who was illegally and unlawfully in the United States, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a SIG Sauer P226 black semiautomatic 9mm handgun, and ammunition.

(Title 18, United States Code, Sections 922(g)(5)(A), 924(a)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

15. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any other criminal law of the United States.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH FOUR

  17. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Two through Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924, including but not limited to: one SIG Sauer P226 black semiautomatic 9mm handgun, and ammunition, seized on or about June 3, 2020 in Brooklyn, New York.

  18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2020R00515
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*Dzenan Camovic*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 922(g)(5)(A), 924(a)(2), 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d)(1), 924(l), 981(a)(1)(C), 1951(a) and 3551 et seq.; T. 21, U.S.C. § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                            *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

                                                            *Clerk*

*Bail, $* _____

_____

*Craig R. Heeren, Artie McConnell and Josh Hafetz*
*Assistant U.S. Attorneys (718) 254-6467/6299*