

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CRH:JAM/JGH
F. #2020R00515

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 10, 2020

By FedEx
Robert G. Stahl,
53 Cardinal Drive, 3rd Floor
Westfield, NJ 07090

    Re: United States v. Dzenan Camovic
       Criminal Docket No. 20-326 (RPK)

Dear Mr. Stahl:

    Please find on the enclosed hard drive (labeled "Discovery") the government's discovery in the above-captioned case in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I.  The Government's Discovery

  A.  Statements of the Defendant

    On June 9, 2020, the defendant made a spontaneous utterance in the presence of a healthcare professional at Kings County Hospital in Brooklyn, New York stating, in sum and substance, "I'm sorry and I'm a worthless piece of shit." When the healthcare professional responded by asking "What did you do?" the defendant stated, in sum and substance, "I killed two police officers and my religion made me do it."

  B.  Documents and Tangible Objects

    The following material has been provided to you on the enclosed hard drive:

    1. A copy of the defendant's criminal history report.
     [Bates # DC_000010 – 000023].

    2. Body camera footage from 41 officers of the New York City Police
     Department [contained in folder bearing Bates # DC_000001].

    3. Video surveillance footage [Bates # DC_000002].

4. Video surveillance footage [Bates # DC_000003].

5. Video surveillance footage from Chase Bank at 883 Flatbush Avenue [Bates # DC_000004].

6. Copy of data from Scan Disk 64GB thumb drive and Kingston 4GB thumb drive seized at 580 East 22nd Street, Apartment 5 [Bates # DC_000005].

7. Data from Samsung cellular phone bearing IMEI number 358689100215795 [Bates # DC_000007].

8. Additional video surveillance footage from Chase bank [Bates # DC_000008].

9. Data from black LG cellular phone [Bates # DC_000009].

10. Search warrant and supporting affidavit (20-MJ-411) for black LG cellular phone [Bates # DC_000024 - 000048].

11. Search warrant and supporting affidavit (20-MJ-414) for multiple electronic devices, including Samsung cellular phone bearing IMEI number 358689100215795 [Bates # DC_000049 - 000075].

12. Search warrant and supporting affidavit (20-MJ-424) for digital voice recorder [Bates # DC_000076 - 000093].

13. Search warrant and supporting affidavit (20-MJ-425) for electronic devices [Bates # DC_000094 - 000172].

14. Search warrant and supporting affidavit (20-MJ-426) for Jeffersonville, New York residence [Bates # DC_000173 - 000202].

15. Search warrant and supporting affidavit (20-MC-423) for Discord, Inc. account information [Bates # DC_000203 – 000235].

16. Search warrant and supporting affidavit (20-MJ-427) for Brooklyn, New York residence [Bates # DC_000236 – 000250].

17. Consent to search form [Bates # DC_000251].

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

C. Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

D. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

E. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

F. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of

the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.     Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by September 18, 2020. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorneys with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact us.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

SETH D. DuCHARME
Acting United States Attorney

By: /s/ Josh Hafetz
Josh Hafetz
Craig R. Heeren
Artie McConnell
Assistant U.S. Attorneys
(718) 254-7000

Enclosures

cc: Clerk of the Court (RPK) (by ECF) (without enclosures)